Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

DEC 18 '23 AM 11:14
RCU'D – USDC FLO SC

*Court Copy*
*#1.*
*Out: 11-2-23*

# UNITED STATES DISTRICT COURT
for the

### District of South Carolina

( Florence Division )

|  |  |
|---|---|
| CEDRIC ALPHONZO LIVINGSTON. | ) Case No. |
|  | ) _____ |
| Plaintiff. | ) *(to be filled in by the Clerk's Office)* |
|  | ) |
| Vs. | ) |
|  | ) |
| 1. United States of America, | ) |
| 2. Dr. Stephen Hoey, D.O. /CD | ) |
| 3. Dr. Raymond Dominici, MD. | ) |
| 4. East Copper Medical Center, et,al. | ) |
| 5. Williamsburg Regional; Hospital, et,al. | ) |
|  | ) |
| Defendant's. | ) |
|  | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name

All other names by which

you have been known:

ID Number

Current Institution

Address

Cedric Alphonzo Livingston
BOP# 35127-058
Federal medical Center- Butner
P.O. Box 1600
Butner, NC  275059

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name

Job or Title *(if known)*

Shield Number

Employer

Address

Defendant No. 1
United states Of America
U.S. Dept. Of Justice Federal Bureau of Prisons
Washington, DC. 20534
[ X ] Individual and official Capacity

[ ] Individual capacity     [✓] Official capacity

Defendant No. 2

Name

Job or Title *(if known)*

Shield Number

Employer

Address

Defendant No. 2
Dr. Stephen Hoey, D.O./ CD
DOJ / Federal Bureau of Prisons
Federal Correctional Institution Williamsburg
8301 Highway 521
Salter, SC. 29590
[ X ] Individual and Official capacity

[✓] Individual capacity     [✓] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

Defendant No. 3
Dr. Raymond Dominici, MD.
DOJ / Federal Bureau of prisons Williamsburg
8301 Highway 521
Salter, SC. 29590
[ X ] Individual and official capacity

[✓] Individual capacity    [✓] Official capacity

Defendant No. 4
East Copper Medical Center,
And all medical staff involved, et,al.
2000 Hospital Medical Center
Mt. Pleasant, SC. 29464-3764
[ X ] Individual and Official capacity

Defendant No. 5
Williamsburg Regional Hospital
500 Nelson Blvd.
Kingstree, SC. 29556
[ X ] Individual and Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[✓] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

Section 1331
Title 28 U.S.C. Section 2671 to 2680

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amendment

I hereby assert any and all applicable rights whether they be State or Federal rules or any other regulations or Constitutional Right that may apply to my claims.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

8th Amendment

I hereby assert any and all Applicable rights whether they be State or Federal rules or any other regulations or Constitutional Right that may apply to my claims.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The Defendant's acted under the color of Federal law and under the color of State law as they apply and are applicable to my claims.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [x] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

The BOP contracted with Defendant's 4 and 5 there were;
4. East Copper Medical Center.
5. Williamsburg Regional Hospital

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

U.S. Department of justice, Federal Bureau of Prisons, Federal correctional Institution Williamsburg FCI Williamsburg 8301 Highway 521. Salter, SC. 29590

C.      What date and approximate time did the events giving rise to your claim(s) occur?

See attached page 5-A for complete time line.

D.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attached Basis of the claim at page 5-A.

The Defendant's failed to conform to the required standard of care owed to me, (1) a duty of care   (2) breached that  duty. See Bloom v. Ravoira, 339 S.C. 417,529 S.E.2d 710,712 (S.C. 2000 )

SEE: " Basis of the claim"at page 5-A.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

My   right leg was amputated.

See: "nature and extent of my injuries" at page 5-A

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

1.I want Fifty Million dollars for each defendant for damages.

2.I want Fifty Million dollars fro each defendant for punitive damages

1.= 5 x 50 million for a total of 250 million dollors
2.= 5 x 50 million for a total of 250 million dollors

The combined total is 500 million dollors for damages & punitive damages.

Basis of the claim"
========================

\* BOP Staff, United States Public Health Services as well as contracted staff used by the \*BOP such as Williamsburg Regional Hosp and East Cooper Medical Center and FCI Williamsburg SC. from September of 2020 to date caused me to lose my right leg above the knee. I lost the Leg on 12-3-2021. The \*BOP failed to treat my known medical needs the \*BOP was practicing economical medicine on me along with their contracted employees. The \*BOP failed to treat me to the known community standards. A tourniquet was left on me unattended for eight hours thus causing my leg to have to be amputated. All of this was done to me as the \*BOP all the while acknowledging that I never should have been sent to FCI Williamsburg, SC. in the first place. The \*BOP did transfer me to FMC-Butner the very same Federal Medical Center the \*BOP claimed to lack the authority to send me to in the first place. Citing "they" lacked the authority to do so.

I was told by Doctors Dominici and Hoey that I should not be at FCI Williamsburg, South Carolina as my condition requires me to be in a Federal Medical Facility. After they informed me of this, I then repeatedly asked Doctors Dominici and Hoey to move me to a Federal Medical Center. I was told time and time again by them when I asked to be sent to a FMC that they lacked the authority to grant my request. [ See Exhibit - A ]

The \*BOP knowingly allowed me to receive inferior care which caused me to lose my leg. Doctors Dominici and Hoey along with the contracted \*BOP staff knew that they were ill suited to take care of my needs. Dominici's statement that I never should have been sent to the FCI Williamsburg SC. prompted me to point blank ask Dr. Dominici if he got my 9-24-2020 request to staff. He said he did. I asked him if he was going to respond. He said I have already told you that I do not have the authority to send you to a FMC. He further told me he passed the request on to Dr. Hoey the Clinical Director. After the initial surgery to correct my leg I was prematurely removed from the East Cooper Medical Center as I was unfit to be transferred as the leg was not stable. Dr. Dominici told me this to my face. He stated this was the domino effect that caused me to lose my leg. Dr. Hoey told me the same thing. I stated to them that the start of this chain of events was me being sent to FCI Williamsburg in the first place coupled with their refusal to get me transferred to a FMC medical center to do the surgery at a place that could do everything I needed in a one stop controlled manner. I then asked both of them why I was moved so fast from East Cooper Medical Center after the surgery their response was that it was not on us.  [See Exhibit - B]

Dr. Hoey told me to my face that the medical department was understaffed and they did not have enough staff to get me to my appointments necessary to insure I got the proper timely treatment. I asked them again to send me to an FMC. I point blank asked Dr. Hoey if he got my 10-1-2020 request to staff with a copy of the 9-24-2020 request to Dr. Dominici attached. He said he did. [See Exhibit - A].

There is no question, that both doctors Dominici and Hoey told me I would most likely lose my leg if we had to go through the process of trying to fix my leg at their facility, i.e. FCI Williamsburg, SC.

There is no question, that both doctors told me I belong in a Federal Medical Center and never should have been sent to FCI Williamsburg given my condition.

There is no question, that I asked both doctors to send me to a FMC before they started the process on my leg as both had made it clear that I could lose my leg if I were not at a place which had specialized care i.e. an FMC.

There is no question, I asked both doctors to send me to a FMC in September and October of 2020 were ignored. Only after filing a BP-8 I got my counselor to get me a response. My request to staff can be seen in Exhibit - A.


"10. Nature and extent of my injuries"
==================================================

\* BOP  staff, contracted staff or any one involved in the issue caused me to lose my leg by amputation on 12-3-2021. This injury has now left me with permanent damage as I have lost my Right leg as the result of \* BOP staff"s intentional willful negligence.

Post note:  If I die before the claim is settled, this claim will be transferred to my Heir
============
to wit:  My Mother Mrs. Cassandra Owens. Her current address is : 6502 Dunnigan Dr. Clinton, MD. 20735. Her Phone Number is: (704) 277-3450

---

\*

The term \*B O P = Any BOP or U.S.P.H.S. staff or Medical staff to include any and all contracted staff named or unnamed, this would include any contract staff used by the \*BOP such as Williamsburg Regional Hospital, East Copper Medical Center involved in the issue of this SF-95 from the start of the issue to the date of this filling.

Page 5-A

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM *I keep the.. (ORIGINAL COPY)*

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) DR. Dominici, MD | DATE: 9.24.2020 |
|---|---|
| FROM: Cedric Livingston | REGISTER NO.: 35127-058 |
| WORK ASSIGNMENT: N/A | UNIT: F Unit |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Dotor Dominici,
I saw you about my leg. You told me I shouldn't be here and that I was at risk for losing my leg. I asked you where I should be. You said a medical center. You said you didn't have the authority to do that and I had to ask Dr. Hoey to send me there. I request to be sent to a medical center so I don't lose my leg.

Chis Jin ~~~~~~ 9.24.20

(Do not write below this line)

DISPOSITION:

*Post note: Sept. 24. 20*

I dilivered this document to FCI Williamsburg medical department on:
9.24.2020

| Signature Staff Member | Date | **Ex-A** |
|---|---|---|

Record Copy - File; Copy - Inmate

PDF                        Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

p a g e  5-A-1

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy FOLDER

**SECTION 6**

BP-A0148
JUNE 10

U.S. DEPARTMENT OF JUSTICE

**INMATE REQUEST TO STAFF** CDFRM

*I keep the.. (Original copy)*

**FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Dr. Hoey, D.O./CD | DATE: 10.1.2020 |
|---|---|
| FROM: Cedric Livingston | REGISTER NO.: 35127-058 |
| WORK ASSIGNMENT: | UNIT: F Unit |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

(see request to Dr. Dominici of 9-18-21)

DR. Hoey,

You told me I needed to be sent to a medical center which is what DR. Dominici told me so I don't lose my leg. He told me you are the one who could send me there. Now you tell me you don't have the authority to do it either. see the attached request to Dr. Dominici. I'm worried that I will lose my leg as this prison can't do everything I need. Please send me to a medical center so I won't lose my leg.

(Do not write below this line)

DISPOSITION:

Post Note: 10.01.20

Gave copy to medical staff

10.01.20

Post Note: 10.01.20

Provided DR. Hoey copy of 9/24/2020 Request to DR. Dominici!

10.01.20

| Signature Staff Member | Date | **Ex-13** |
|---|---|---|

Record Copy - File; Copy - Inmate

PDF

Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

P a g e  5-A-2

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy FOLDER

**SECTION 6**

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

### VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No        See attached exhaustion filings.

☒ Do not know  For Defenants 4 & 5  see attached Demand letter of 5-30-23

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No        See attached exhaustion filings.

☒ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.      If you did file a grievance:

1.   Where did you file the grievance?

See attached complete Exhaustion fillings

2.   What did you claim in your grievance?

The same thing as in this complaint.

3.   What was the result, if any?

All of the Defendants in violation of: ROSS V. BLAKE, did not respond.

See Page 7-A and the attached full exhaustion

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I tryed over and over to get all of the defendants to respond they would not follow the law in violation of ROSS v. BLAKE, see page 7-A

---

**195 LED2D 117, _ US _ ROSS v. BLAKE**

**MICHAEL ROSS, Petitioner**

*vs.*

**SHAIDON BLAKE**

**578 US ___ , 136 S Ct ___ , 195 L Ed 2d 117, 2016 US LEXIS 3614**

[No. 15-339]

**Argued March 29, 2016.**

**Decided June 6, 2016.**

### DECISION

There was no common-law ``special circumstances" exception relieving prison inmate of obligation, under Prison Litigation Reform Act provision (42 U.S.C.S. § 1997e(a)), to exhaust administrative remedies when (allegedly) inmate erroneously believed he had satisfied exhaustion by participating in internal investigation.

*Prior history:* ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT, 787 F.3d 693, 2015 U.S. App. LEXIS 8383

### SUMMARY

*Overview:* HOLDINGS: [1]-A prison inmate's claim against a prison guard for unlawful use of force required exhaustion of administrative remedies since the language of 42 U.S.C.S. § 1997e(a) requiring administrative exhaustion was mandatory, and a pending internal investigation of the guard's conduct did not excuse the inmate from pursuing the prison grievance process; [2]-Although exhaustion was required, it remained to determine whether an administrative remedy was available to the inmate since there was evidence indicating that grievances were routinely dismissed when parallel internal investigations were pending, and the prison's grievance process appeared to be inconsistent and somewhat bewildering.

2LED2D      1

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Outcome:* Judgment vacated and case remanded. 8-0 Decision; 2 Concurrences.<*pg. 118>

**Bringing suit - administrative remedies**

#### *L Ed Digest: Prisons and Convicts § 2*

1. The Prison Litigation Reform Act of 1995 mandates that an inmate exhaust such administrative remedies as are available before bringing suit to challenge prison conditions. 42 U.S.C.S. § 1997e(a). (Kagan, J., joined by Roberts, Ch. J., and Kennedy, Ginsburg, Alito, and Sotomayor, JJ.)

**Construction - text**

#### *L Ed Digest: Statutes § 164*

2. Statutory interpretation begins with the text. (Kagan, J., joined by Roberts, Ch. J., and Kennedy, Ginsburg, Alito, and Sotomayor, JJ.)

**Bringing suit - administrative remedies**

#### *L Ed Digest: Prisons and Convicts § 2*

3. See 42 U.S.C.S. § 1997e(a), which provides: ``No action shall be brought with respect to prison conditions under [42 U.S.C.S. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Kagan, J., joined by Roberts, Ch. J., and Kennedy, Ginsburg, Alito, and Sotomayor, JJ.)

**Amendment**

#### *L Ed Digest: Statutes § 136*

4. When Congress amends legislation, courts must presume it intends the change to have real and substantial effect. (Kagan, J., joined by Roberts, Ch. J., and Kennedy, Ginsburg, Alito, and Sotomayor, JJ.)

**Bringing suit - administrative remedies**

#### *L Ed Digest: Prisons and Convicts § 2*

2LED2D      2

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

5. Under 42 U.S.C.S. § 1997e(a), the exhaustion requirement hinges on the availability of administrative remedies: an inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones. (Kagan, J., joined by Roberts, Ch. J., and Kennedy, Ginsburg, Alito, and Sotomayor, JJ.)

**Bringing suit - administrative procedure**

#### *L Ed Digest: Prisons and Convicts § 2*

6. An administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end-with prison officers unable or consistently unwilling to provide any relief to aggrieved inmates. (Kagan, J., joined by Roberts, Ch. J., and Kennedy, Ginsburg, Alito, and Sotomayor, JJ.)

**Bringing suit - administrative remedies - exhaustion**

#### *L Ed Digest: Prisons and Convicts § 2*

7. An administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it. When rules are so confusing that no reasonable prisoner can use them, then they're no longer available. When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion. But when a remedy is essentially unknowable-so that no ordinary prisoner can make sense of what it demands-then it is also unavailable. (Kagan, J., joined by Rob-erts, Ch. J., and Kennedy, Ginsburg, Alito, and Sotomayor, JJ.)

**Bringing suit - administrative remedy**

#### *L Ed Digest: Prisons and Convicts § 2*

8. An administrative remedy is not available when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. (Kagan, J., joined by Roberts, Ch. J., and Kennedy, Ginsburg, Alito, and Sotomayor, JJ.)

2LED2D      3

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Page 7-A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

**N/A**

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I not only filed them I informed the defendant's over and over that they were not responding. The BOp did not respond to the SF-95 at all i.e. Title 28 U.S.C. § 2671 to 2689 Defendants 4 & 5 did not respond at all.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I have attached the fillings for the court as part of this form.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N /A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)    _____

    Defendant(s)   _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition    _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ___11-2-2023___ *mail rule*     * I placed this in the Prisons mail box on 11-2-2023.

Signature of Plaintiff _____ 11·2·23

Printed Name of Plaintiff   Cedric A. Livingston

Prison Identification #   FMC-Butner # 35127-058

Prison Address   FMC-Butner P.O. Box 1600

Butner                     NC     27509

| City | State | Zip Code |

### B.   For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

| City | State | Zip Code |

Telephone Number _____

E-mail Address _____

* The Prison Is under staff. Mail is not being sent out on time or is just left in the prison mail box.